```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/29/2015
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
IN RE:

GENERAL MOTORS LLC IGNITION SWITCH LITIGATION

*This Document Relates to: Boyd, et al. v. General Motors LLC, 14-CV-8385*
------------------------------------------------------------------------x

14-MD-2543 (JMF)

ORDER

JESSE M. FURMAN, United States District Judge:

On August 12, 2015, New GM moved to dismiss several Plaintiffs' claims with prejudice (*see* 14-MD-2543, Docket No. 1248).  The motion remains outstanding with respect to one Plaintiff, John Cameron, who is now proceeding *pro se*.  For the following reasons, New GM's motion is hereby GRANTED with respect to Mr. Cameron.

On July 9, 2015, the Court granted New GM's motion to dismiss, without prejudice, the claims of several personal injury Plaintiffs for failure to submit substantially complete Plaintiff Fact Sheets ("PFSs"), as required by Order No. 25.  (Order No. 68 (14-MD-2543 Docket No. 1147); *see also* Order No. 25 (14-MD-2543 Docket No. 422)).  When Mr. Cameron failed to certify that he had submitted substantially a complete PFS or otherwise move to vacate the dismissal, New GM moved to dismiss his claims with prejudice.  (14-MD-2543 Docket No. 1248).  Mr. Cameron did not submit an opposition to New GM's motion, due by August 26, 2015 (Order No. 72 (14-MD-2543 Docket No. 1237)).  On September 11, 2015, the Court granted the motion to withdraw filed by Mr. Cameron's counsel, who stated that they had repeatedly been unable to contact him.  (Order No. 79, 14-MD-2543 Docket No. 1359; *see* 14-CV-8385 Docket No. 114).  That Order gave Mr. Cameron thirty days to file a complete PFS in accordance with Order No. 25.  Counsel for New GM filed proof of service of that Order on Mr.

1

Cameron on September 14, 2015. (14-CV-8385 Docket No. 131). To date, Mr. Cameron has still not filed a PFS or otherwise responded to any of this Court's Orders.

The Supreme Court and the Second Circuit have long recognized that federal courts are vested with the authority to dismiss a plaintiff's action with prejudice because of a failure to prosecute, a power that is "necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link v. Wabash R.R.*, 370 U.S. 626, 629-30 (1962); *see, e.g.*, *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 250 (2d Cir. 2004); *see also, e.g.*, *In re World Trade Ctr. Disaster Site Litig.*, 722 F.3d 483, 487 (2d Cir. 2013) (noting that district courts' "responsibility to manage their dockets so as to achieve the orderly and expeditious disposition of cases . . . is particularly acute where the litigation is complex and continuing" (internal quotation marks omitted)). Because dismissal is "one of the harshest sanctions at a trial court's disposal," however, it must be "reserved for use only in the most extreme circumstances." *Drake*, 375 F.3d at 251. In considering a Rule 41(b) dismissal, a court must weigh five factors: "(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal." *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996).

Upon due consideration of the foregoing factors, the Court finds that dismissal with prejudice is the appropriate sanction for Mr. Cameron's continued failure to submit a PFS as required by Order No. 25. Mr. Cameron has been on continual notice of the consequences of

failing to submit substantially complete PFSs, and has been repeatedly reminded over the past several months — through Order No. 25 itself; New GM's entry of a Notice of Overdue Discovery (14-MD-2543 Docket No. 983); New GM's Motion to Dismiss Without Prejudice (14-MD-2543 Docket No. 1047); and New GM's current motion — that his claim could be dismissed, eventually with prejudice, if he failed to meet his (rather minimal) PFS obligations. Those efforts to inform Plaintiff of the consequences of their noncompliance with Order No. 25 have proved fruitless, leaving the Court with no "means to move this case forward efficiently without the cudgel of extreme sanctions." *Baptiste v. Sommers*, 768 F.3d 212, 219 (2d Cir. 2014). Finally, timely submission of PFSs is essential to the orderly and expeditious management of this MDL, and crucial in ensuring that New GM has adequate notice of the claims against it.

It is true that Mr. Cameron is proceeding *pro se*. That fact, however, cannot overcome the utter failure to participate in this action or total disregard for the Court's orders. "While a court is ordinarily obligated to afford a special solicitude to *pro se* litigants, dismissal [with prejudice] of a *pro se* litigant's action as a sanction may nonetheless be appropriate so long as a warning has been given that noncompliance can result in dismissal." *Koehl v. Bernstein*, 740 F.3d 860, 862 (2d Cir. 2014) (citing cases) (internal quotation marks and citation omitted). More than enough warning has been given to Mr. Cameron, both by the Court, and by counsel's combined efforts to reach him. (*See, e.g.*, 14-CV-8385 Docket Nos. 114, 118, 126, 130, 131).

In light of the foregoing, the claims of John Cameron are hereby DISMISSED with prejudice.  *See In re World Trade Ctr. Disaster Site Litig.*, 722 F.3d at 487 (holding "that the court did not exceed the bounds of its discretion in dismissing the noncompliant plaintiffs' complaints").  The Clerk of Court is directed to terminate 14-MD-2543 Docket No. 1248, 14-CV-7224 Docket No. 10, 14-CV-8385 Docket No. 118, 14-CV-9466 Docket No. 92, and 15-CV-2089 Docket No. 56.

SO ORDERED.

Dated: October 29, 2015
New York, New York

JESSE M. FURMAN
United States District Judge